UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| TAURUS B, LLC, <br><br>        Plaintiff, <br> v. <br><br> DEAN M. ESSERMAN, <br><br>        Defendant. | 3:14 - CV - 715 (CSH) <br><br><br> SEPTEMBER 12, 2014 |

**RULING ON PLAINTIFF'S SECOND MOTION TO AMEND COMPLAINT**

**HAIGHT, Senior District Judge:**

## I.  INTRODUCTION

Plaintiff Taurus B, LLC ("Plaintiff" or "Taurus") brings this civil rights action against Defendant Dean M. Esserman, Chief of the New Haven Police Department, asserting that Esserman deprived Taurus of state and federal constitutional rights in violation of 42 U.S.C. §§ 1983 and 1988. In particular, Plaintiff alleges that on March 30, 2013, Esserman, who is and was at all relevant times Police Chief, violated Taurus's Fourth Amendment rights by acting "under color of law" and in his official capacity when he participated in and supervised an unlawfully excessive search and seizure on the Taurus Café, a business property owned and operated by Plaintiff, located at 520 Winchester Avenue in New Haven, Connecticut.[1] *See* First Amended Complaint [Doc. 13].

Plaintiff asserts that on March 30, 2013, the Connecticut Superior Court issued a warrant authorizing police officers to conduct a search of the premises at 518-520 Winchester Avenue in

---

[1]  Plaintiff has represented that it is a Connecticut Stock Corporation doing business as the Taurus Café." Doc. 13, ¶ 3; Doc. 19-1, ¶ 3.

1

New Haven, including the basement of the Taurus Café, to "seize the hard drive video/data storage system for the Taurus Café['s] video security system." Doc. 13, ¶ 7. Immediately upon the issuance of the search warrant, Chief Esserman and various "other unknown [New Haven police] officers"– *i.e.,* officers whose names were not known by Plaintiff at the time of filing the original Complaint [Doc. 1] – "battered down the door to the Taurus Café and forcibly entered the basement thereof" to execute the warrant. *Id.*, ¶ 8. In so doing, the police officers allegedly "inflicted significant and utterly unnecessary damage to the area of the search" and "absconded with approximately $27,000 in cash receipts." *Id.*, ¶ 9. In sum, the police officers' conduct allegedly deprived Plaintiff of its Fourth Amendment right to be free from unreasonable search and seizure, as enforced through 42 U.S.C. §§ 1983 and 1988. *Id.*, ¶ 10.

## II.  PENDING MOTION

Plaintiff presents to the Court a motion to amend its complaint for the second time in order to "add[ ] the names of additional defendants," thereby identifying the previously "unknown" police officers who executed the search warrant on the Taurus Café on March 30, 2013. Doc. 19, p. 1. Specifically, Plaintiff seeks to add the following seven New Haven Police Officers as defendants: Detectives David Zaweski, Nicole Natale, and Michael Wuchek; Lieutenants Otonial Reyes, Alfonso Vazquez, and Rachael Cain; and Assistant Chief Achilles Generoso. Plaintiff obtained these names during discovery – as "information supplied by the defendant Esserman in his Rule 26(a) Initial Disclosure dated June 30, 2014." *Id.* The Court herein resolves the motion.

## III.  DISCUSSION

In general, a plaintiff may amend its complaint once as a matter of course within 21 days after

serving it.[2]  Plaintiff has previously amended the Complaint in this action to correctly designate itself as "Taurus B, LLC."[3]  Doc. 11, 12.  The present motion to amend is thus governed by Rule 15(a)(2), Fed. R. Civ. P., which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires."  Here, although Defendant Esserman has filed no opposition to the motion within the requisite 21 days delineated in Local Civil Rule 7(a), he has also offered no written consent to the amendments.  The decision of whether to grant leave to amend is thus entrusted to the district court's discretion, as guided by the last sentence of Rule 15(a)(2), which instructs that justice be done.[4]

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

---

[2]  Rule 15(a), Fed. R. Civ. P., provides:

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

    (A) 21 days after serving it, or

    (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

[3]  Plaintiff originally filed this action as the "Taurus Café, Inc.," but later moved to correct this designation to "Taurus B, LLC" in light of its "inadvertently" naming "the wrong corporate owner of the business in question."  Doc. 11, p. 1.

[4]  With respect to amendments other than those which may be made a matter of course, Rule 15(a)(2), Fed. R. Civ. P., provides:

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

3

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). *See also Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir.2001) ("Leave to file an amended complaint 'shall be freely given when justice so requires,' Fed. R. Civ. P. 15(a), and should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility.").

Applying the *Foman* standard to the case at hand, there is no evidence that the proposed amendment is the product of any undue delay or bad faith. Upon learning of the relevant police officers' names through recent discovery disclosures by Esserman (dated June 30, 2014) [Doc. 19, at 1], Plaintiff promptly filed this motion to amend the complaint to include the officers as named defendants. Doc. 19 (Motion, dated July 13, 2014). Also, because this case remains in its early stages, there is no evidence that there will be any undue prejudice to Defendant Esserman in allowing the amendments at this time.

Next, the Court will examine the prospect of futility with respect to the proposed addition of specific police officer defendants. As set forth *supra*, although leave to amend must be freely given under ordinary circumstances, denial is proper where the proposed amendment would be "futile." *Foman*, 371 U.S. at 182. An amendment is considered "futile" if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. *See, e.g., S.S. Silberblatt, Inc. v. East Harlem Pilot Block*, 608 F.2d 28, 42 (2d Cir.1979); *Freeman v. Marine Midland Bank–New York*, 494 F.2d 1334, 1338 (2d Cir.1974). *See also Wilson-Richardson v. Regional Transit Serv., Inc.*, 948 F.Supp.2d 300, 306 (W.D.N.Y. 2013) ("I conclude that no amendment of the complaint would be sufficient to salvage claims which are undisputedly

unexhausted and untimely, and/or over which the Court lacks jurisdiction"). For example, a proposed amendment would be futile if it destroyed the Court's subject matter jurisdiction, failed to state a claim, or asserted claims which are time-barred by the relevant statutes of limitation.

In evaluating potential futility of the proposed amendments, the Court first notes that the addition of the police officer defendants would not destroy the Court's subject matter jurisdiction in that such jurisdiction is based on the presence of a "federal question" in this action. Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States;" and Plaintiff's claim arises under federal statute, 42 U.S.C. §§ 1983 and 1988,[5] and incorporates a constitutional claim, unreasonable search and seizure in violation of the Fourth Amendment.[6]

Second, Plaintiff's proposed amended complaint continues to incorporate the four elements one must plead in a section 1983 claim: "(1) actions taken under color of law; (2) deprivation of a

---

[5] 42 U.S.C. § 1988 provides, in pertinent part, that "[i]n any action or proceeding to enforce a provision" of section 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . ." 42 U.S.C. § 1988 (b) ("Attorney's fees").

[6] The Fourth Amendment of the United States Constitution establishes the right to be free from "unreasonable searches and seizures," which includes the right to be free from the unreasonable execution of a search warrant. *See* U.S. Const. amend. IV. *See also, e.g., Samuels v. Smith*, 839 F.Supp. 959, 965 (D.Conn.1993) (discussing reasonableness of execution of search warrant under Fourth Amendment).

Moreover, the United States Supreme Court has recognized that business premises are protected by the Fourth Amendment and corporations possess "some Fourth Amendment rights." *G.M. Leasing Corp. v. United States*, 429 U.S. 338, 353 (1977). *See also, e.g., See v. City of Seattle*, 387 U.S. 541, 544 (1967) ("warrants are a necessary and a tolerable limitation on the right to enter upon and inspect commercial premises"); *Henderson Amusement, Inc. v. Good*, 59 F. App'x 536, 538 n.3 (4th Cir. 2003) ("The Supreme Court has clarified that corporations are entitled to some Fourth Amendment protection against unreasonable searches and seizures.").

constitutional or statutory right; (3) causation; and (4) damages."[7] *Milner v. Duncklee*, 460 F.Supp. 2d 360, 365 (D.Conn. 2006) (citing 42 U.S.C. § 1983).[8]   In particular, Plaintiff alleges that the named police officer defendants acted "under color of law" – pursuant to a search warrant issued by a state court and in their positions as police officers – to execute a search warrant in an unlawfully excessive fashion in violation of the Fourth Amendment.[9]  Furthermore, in "batter[ing] down the door to the Taurus Café" and "forcibly enter[ing] the basement, said officers allegedly inflicted "significant and utterly unnecessary damage" to the premises and "absconded with approximately $27,000." Doc. 19-1, ¶ 9.

The law is well-settled that "[a] 'seizure' of property occurs" when "there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109, 113 (1984).  Property damage may constitute "seizure," and where unreasonable, may constitute a Fourth Amendment violation. *See, e.g., Foreman v. Beckwith*, 260 F.Supp. 2d 500, 505 (D.Conn. 2003) ("when officers act unreasonably in damaging property during the execution of a search warrant, they may be subject to liability for that damage").   Plaintiff's proposed amended § 1983 claim, as drafted, bears no signs of "futility" at the pleading stage.

---

[8]   In *Foreman v. Beckwith*, 260 F.Supp. 2d at 503, section 1983 plaintiffs satisfied the notice pleading requirement by alleging that state police officers, while acting under color of law, deprived them of their Fourth Amendment rights when the officers unreasonably executed a search warrant by breaking down an entrance door, continuing to search after realizing they were in the wrong unit, inflicting unnecessary damage on the premises, and accusing the plaintiffs of being "drug dealers."

[9]   Said search warrant was issued by the Connecticut Superior Court for the purpose of allowing seizure of "the hard drive video/data storage system for the Taurus Café video security system" located in "the basement of said premises." Doc. 19-1, ¶ 7.

Lastly with respect to the statute of limitations, the Second Circuit has held that "Rule 15(c)[, Fed. R. Civ. P.,] does not allow an amended complaint adding new defendants to relate back [to the date of the original complaint] if the newly-added defendants were not named originally because the plaintiff did not know their identities." *Barrow v. Wethersfield*, 66 F.3d 466, 470 (2d Cir.1995), *op'n mod'd and aff'd*, 74 F.3d 1366, 1367 (2d Cir.1996). In the case at bar, however, even though the addition of the proposed defendants does not relate back to the filing date of the original Complaint, the claims against the proposed police officers are timely. *See Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir.1998) ("When a § 1983 action is filed in the District of Connecticut, it is subject to a three-year statute of limitations.").

In Connecticut, for purposes of § 1983 claims, the applicable statute of limitations is Conn. Gen. Stat. § 52-577, which provides that "[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of." *Lounsbury v. Jefferies*, 25 F.3d 131, 133 (2d Cir.1994).[10] In the instant case, the allegedly unlawful execution of the search warrant

---

[10] As the Second Circuit explained in *Lounsbury v. Jefferies*, "[s]ince Congress did not enact a statute of limitations governing actions brought under § 1983, the courts must borrow a state statute of limitations." 25 F.3d at 133-34. Because "the § 1983 remedy encompasses a broad range of potential tort analogies, from injuries to property to infringements of individual liberty" and general personal injury actions sound in tort, "§ 1983 claims are best characterized as personal injury actions" so that Connecticut's three-year personal injury statute of limitations applies. *Id.* (internal quotations and citations omitted); *see* Conn. Gen. Stat. § 52–577.

The Second Circuit based its holding in *Lounsbury* on United States Supreme Court precedent. Specifically, in *Wilson v. Garcia*, 471 U.S. 261, 271-72 (1985), the Supreme Court held that for statute-of-limitations purposes, § 1983 claims are best characterized as personal injury actions; thus a state's personal-injury statute of limitations, assuming the state has but one such statute, should be applied to all § 1983 claims. Thereafter, in *Owens v. Okure*, 488 U.S. 235, 249-50 (1989), the Supreme Court further provided that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Connecticut possesses more than one personal injury statute so the Second Circuit applied Conn. Gen. Stat. § 52-577 to § 1983 claims because "though

occurred on March 30, 2013. Doc. 19-1, ¶ 7. Therefore, amendment to name additional defendant police officers at this time would fall well within the applicable 3-year statute of limitations.

In sum, rather than resulting in "futility" under *Foman*, the proposed amendment enhances and clarifies Plaintiff's claim by naming, and including as defendants, the police officers who were merely described in the original Complaint as "unknown officers." By adding specificity to the complaint, the amendments favor the interest of justice. Under these circumstances, the Court will grant the motion to amend.

### III. CONCLUSION

Absent objection by Defendant Esserman and in the interest of justice, Plaintiff's second "Motion to Amend Complaint and to Issue Summonses for Added Defendants" [Doc. 19] is GRANTED. Plaintiff must file and serve its proposed Amended Complaint on or before **September 30, 2014**, and effect proper service in accordance with the Federal and Local Rules of Civil Procedure. *See* Fed. R. Civ. P. 4, 5; D. Conn. L. Civ. R. 4, 5. Upon Plaintiff's filing of the Second Amended Complaint, the Clerk is directed to issue the necessary summonses to accompany service of the complaint upon all Defendants. Within 21 days after said service, Defendants shall serve their answers or responses to the newly operative complaint, Fed. R. Civ. P. 12 (a)(1)(A)(i).

It is SO ORDERED.

Signed: New Haven, Connecticut
September 12, 2014

/s/Charles S. Haight, Jr.
CHARLES S. HAIGHT, JR.
Senior United States District Judge

---

it does not precisely follow the contours of the 'general' or 'residual' provisions set out in *Owens*, [it] is a general statute of the type to which *Owens* referred." *Lounsbury*, 25 F.3d at 134.